# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA MARDET DAVIS,** | : | CV. No. 3:09-CV-1879 |
| **Plaintiff** | : | |
| | : | (Judge Vanaskie) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **DR. NELMS,** | : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

The plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint on September 29, 2009. The plaintiff has also filed an application to proceed *in forma pauperis*, and has been instructed by the Court regarding the proper forms which must be completed to evaluate this request. While the Plaintiff must comply with those instructions, we will also direct the Plaintiff to file an amended complaint for the reasons set forth below.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering whether a *pro se* complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a *pro se* plaintiff can prove facts that the *pro se* plaintiff has not alleged." Associated Gen. Contractors of Ca. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a plaintiff is required to provide the grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored the responsibility of a trial court to assess whether a complaint states facts upon which relief can be granted. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. At 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, supra, 129 S.Ct. at 1950 (May 18, 2009). According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, in light of Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.

Applying this standard, the Court places the plaintiff on notice that the allegations in the *pro se* complaint may be subject to dismissal for failure to state a claim upon which relief can be granted. Specifically, in this complaint the plaintiff raises concerns about the dental care that she received in prison but may not have alleged facts which show that this care rose to the level of deliberate indifference to her medical needs, the standard for a valid claim of deprivation of some constitutional right in this prison setting. See Spruill v. Gillis, 372 F.3d 218, 237 (3d Cir. 2004).

Without the inclusion of some further well-pleaded factual allegations, these assertions appear to be little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. At 1979. Since the *pro se* complaint may not contain sufficient factual recitals to state a claim upon which relief may be granted, the plaintiff is placed on notice that these allegations may be subject to dismissal under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will, however, provide the plaintiff with an opportunity to

correct this potential deficiency in the *pro se* complaint, and avoid the possible sanction of dismissal of claims. Accordingly, **IT IS ORDERED** that the plaintiff shall file an amended complaint on or before **November 2, 2009**. Any amended complaint shall be complete in all respects, and should address the issues raised by this Order. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case. If the plaintiff fails to file an amended complaint by **November 2, 2009**, the Court will assume that the plaintiff cannot provide further well-pleaded facts in support of this complaint, and will make appropriate recommendations regarding whether the complaint should be dismissed, for failure to prosecute by complying with this Court's order or for failure to state a claim upon which relief may be granted.

                                            *S/Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge

Dated: October 2, 2009